(Mahoning Co., O., Common Pleas, 1894.)

ROBERT BYCRAFT v. L. S. & M. S. RY. COMPANY.

---

1. A railroad conductor who is riding on a pass issued to him by the railroad company, on a train with the knowledge and consent of the conductor thereof, from the place where his work terminated to the place of his residence without, at the time, being in the discharge of any duty incident to his employment as conductor, is not the fellow employe of the conductor of such train and may recover damages for injury sustained through the negligence of the conductor of such train.

2. In such case the railroad company was bound to use ordinary care for the safety of the injured conductor.

Judgment affirmed by the circuit court, March term, 1894, and by the supreme court, without report, 33 W. L. B., 168, 52 Ohio St., 670.

The action in the court below was brought by the defendant in error to recover against the defendant, damages, which he sustained on July 8, 1892, in a collision between a freight train and a portion of another mixed freight and passenger train, which broke off from the rear of the latter train. The accident occurred near Dorset station, on the line of railroad owned and operated by the defendant, which extends from the city of Youngstown to Ashtabula. The plaintiff, at the time he was injured, was a conductor of a passenger train, which was run between Youngstown and Andover, the latter place being a station on the line between Youngstown and Ashtabula, at which there was a junction of the line of railroad aforesaid with the line extending northeastward to Jamestown, Franklin and Oil City, in Pennsylvania. The plaintiff, as such conductor, took charge of his train every morning at Andover, ran to Youngstown, and in the evening returned, in charge of the same train, to Andover, when his actual work for the day ended. Plaintiff, at the time, and for a long time, twenty years, prior to the accident lived at the village of Ashtabula, and during all of that time, and three years more, was in the employ of the defendant; the last five years as a first-class passenger conductor, and before that as a through and way freight conductor.

It was the custom of the plaintiff, while he was engaged on the run aforesaid, after arriving in the evening at Andover and registering there the arrival of his train, to take a train, made up at that junction from parts of his train that had come from Youngstown and parts of other trains which had come in from Oil City, Franklin, Jamestown and other points, which train, being a mixed freight and passenger train, thus made up was destined to the village of Ashtabula, in order to ride to his home in the latter place, and usually rode in the caboose of such mixed train, and was riding in a combination car carrying employes and passengers, when he was injured. In order that he might so ride on the latter and other trains from Andover to his home and back to Andover, the next morning, so as to take charge there of his own train for the run to Youngstown and return to Andover and from thence to his home in Ashtabula, he was provided with a monthly pass by the superintendent of the division of the road to which his run belonged, which pass was known as an employe's pass, and authorized him to ride on any of the trains

of the company to and from his work. All conductors, of the same grade, in the employ of the company, were given, each month, similar passes, to enable them to ride free from and to their work in connection with their respective trains; and there was no charge made or exacted for such passes and no deduction made from their monthly wages or pay therefor; but such passes were, in all respects, free passes.

The plaintiff, after he went upon the train which was destined for Ashtabula, the train on which he was injured, had no duties to perform on that train, unless directly ordered on duty by some superior officer of the company; but his employment was by the month, and was continuous; that is, he was at all times, both day and night, subject and liable to be ordered upon duty by the trainmaster or other proper superior officer of the company, on any train, at any place and at any time, day or night

On the night of his injuries, he boarded the Ashtabula train, known as No. 37, at about 8 o'clock P. M., and took a seat in a combination car. Train No. 37 was followed by a freight train, known as No 2nd 19. Soon after No. 37 left Andover, it broke in two, and the following train ran into and collided with the rear part of No. 37, which had become detached and thereby the plaintiff and others were injured.

There are several grounds and specifications of negligence upon the part of the company and its employes stated in the petition, but there was no evidence given upon the trial in support of or in any manner tending to prove any of them, except the negligence of Van Epps, who was the conductor of train No. 37, on which plaintiff was riding and injured; and that negligence of Van Epps, which consisted in omitting to properly cause the following train, No. 2nd 19, to be flagged, according to the rule of the company, in time to have caused it to stop before striking the detached portion of No. 37, which had broken off, was admitted by defendant upon the trial.

So, that the case was tried and submitted to the jury, alone, upon the admitted negligence of Van Epps, as such conductor, in the respects above mentioned and his disregard of the rules of the defendant relating to such cases, which rules were shown to be fully adequate to prevent such accidents, if complied with by those whose duty it was to observe and obey them. That fact was not in any way question or controverted.

The defendant company requested the court to charge the jury in writing each of the following propositions, separately, each from all the others, before the argument to the jury.

(1.) If the jury shall find, from the evidence in the case, that Bycraft, the plaintiff, at the time he was injured, was in the employ of the defendant company as a conductor; that he was paid the same wages for his services as the other servants of the defendant, engaged in the same or similar service; that he was authorized and permitted by defendant company to ride free, on a pass, on its trains from Andover to his home in Ashtabula, and back to Andover in the morning, to take charge of his own train; that he paid no fare for thus riding, and no deduction was made from his monthly pay, on account of such carrying him from his work to his home and return to his work; and that he was so riding on train No. 37, and being so carried at the time he was injured, then the court charges the jury, that if he was injured by reason of the negligence of those in charge of and operating train second 19, or those operating the train on which he was being so carried, he cannot recover against the defendant company in this action.

(2.) If the jury shall find, from the evidence in the case, that plaintiff and the conductors and engineers of the trains, Nos. 37 and second 19, which came into collision by which plaintiff was injured, were all in the employ of the defendant company, as such conductors and engineers, and all engaged in operating engines and trains on defendant's railroad at the time plaintiff was injured; then the court charges the jury that such conductors and engineers of said colliding trains and the plaintiff were fellow-servants and co-employes; and that if the jury shall find from the evidence that such collision was caused solely by the negligence of one or more of such employes of said colliding trains, then the plaintiff is not entitled to recover against the defendant in this case.

(3.) If the jury shall find, from the evidence in the case, that it was no part of the contract of employment between the plaintiff and the defendant company, express or implied, that the plaintiff should be carried or transported by the defendant from Andover to Ashtabula, or from Ashtabula to Andover, to or from his work, and that plaintiff, at the time he was injured, was riding on and by virtue of a free pass, issued to him as and because he was an employe of defendant company, without charge or any deduction from his wages therefor, but as an incident to his employment by the defendant; then the court charges the jury that he was not, during such passage from Andover to Ashtabula, at and during which he was injured, a passenger, but was merely, during all of said time, while on the train of defendant—an employe of defend-

ant, and co-employe of the conductors, engineers and brakemen of trains Nos. second 19 and No. 37, by the collision of which he was injured; and in such case and circumstances, he is not entitled to recover in this case, for or on account of the negligence, if you find that there was negligence, of any such conductors, engineers or brakemen of said trains.

(4.) If the jury shall find, from the evidence in the case, that the plaintiff, as an incident of his employment, held a free pass, issued to him by the defendant company, giving him the right to ride on train No. 37, from Andover to Astabula, on the evening and at the time he was injured, without payment of any fare therefor, and without any deduction from his wages on account thereof, that he was thus riding on said train No. 37 at the time he was injured by a collision of train No. second 19 with train No. 37, while on his way from Andover to Ashtabula, in consequence of the negligence of the conductor or engineer of said train No. second 19, or of the conductor or engineer of said train No. second 19, or of the conductor or engineer of said train No. 37, upon which he was riding, or the joint negligence of any or all of them, then such negligence was that of a fellow-servant or fellow-servants, and for such negligence plaintiff is not entitled to recover in this action.

(5.) If the jury shall find, from the evidence in the case, that the plaintiff was riding on train No. 37, from Andover to Ashtabula, at the time he was injured, on a free pass issued to him by the defendant company, as one of its employes, without any payment of fare, or charge or deduction from his wages therefor, or on account thereof; and that while so riding he was injured, in consequence of the negligence of any or all the employes of defendant then in charge of or operating train No. second 19, or of any or all such employes in charge of or operating train No. 37—upon which he was riding, or the negligence of defendant's train despatcher, or of any telegraph operator at any of the defendant's stations, then the plaintiff is not entitled to recover in this action against the defendant.

(6.) If the jury shall find, from the evidence in the case, that the plaintiff, for some time prior to and at the time he was injured, was in the employ of the defendant company, as a conductor, that his home was during such time in Ashtabula; that it was his custom to ride on one of defendant's trains from Andover to his home after the arrival of his own train at Andover in the evening, and back from Ashtabula to Andover in the morning to take charge of his own train; that he was thus transported to and from his home as an employe of the

defendant, and because he was such, free of any charge therefor, on a pass or otherwise; that at the time he was injured he was being thus carried from Andover to his home in Ashtabula; and that he was injured by reason of the negligence of other employes of defendant company, who were at the time in charge of and operating one or both of the trains which came into collision, by which plaintiff was injured; then the plaintiff is not entitled to recover in this action, and a verdict should be returned for the defendant.

(7.) If the jury shall find, from the evidence in the case, that after the plaintiff arrived at Andover with the train, of which he was conductor, and from that time until his duties in connection with said train began again, that is: on his way to his home at Ashtabula, on the evening he was injure', while at home and on his way returning to take charge of his train, he was at all times subject to the orders of defendant, and under his employment subject to be ordered or directed to perform service for the defendant on or connected with any other train; and the jury shall find that he was during such time, while so subject to such orlers or direction of defendant, injured by reason, solely, of the negligence of one or more of the employes of defendant in charge of one or both of the trains by the collision of which he was injured, then he was not a passenger, when injured, and he is not entitled to recover in this action.

The court refused to charge each separately or all or any of said written propositions before the arguments to the jury, to which refusal the defendant excepted.

Whereupon the counsel for the defendant requested the court to give in his charge, to begin after argument, to the jury each of the requests or propositions, separately, which he had asked the court to submit to the jury before argument.

Each of which requests the court refused to give in charge to the jury, except as hereinafter appears, and defendant duly excepted to such refusal.

Whereupon, when arguments of counsel to the court and jury were concluded, the court charged the jury, in writing, on the issues joined, as follows:

JOHNSTON, J.

Gentlemen of the jury: Plaintiff says that the defendant is a railroad company legally incorporated, and was such on July 8, 1892, and was operating a line of railroad from the city of Youngstown, Mahoning county, Ohio, to Ashtabula, in Ashtabula county, Ohio, and that he had been employed prior to July 8, by the defendant as a conductor from Youngstown to Andover, in Ashtabula county; he says that on that day his passenger train was due at Andover at 8 o'clock, P. M.; that his family then resided and had for some time prior thereto resided at Ashtabula; that, when he arrived at Andover, his duties towards the defendant ended until the next morning, when he started with his train for Youngstown; that on the night of July 8, 1892, after arriving at Andover, by permission of the conductor of freight train No. 37, and also the permission of the general superintendent of the defendant company, he got into the caboose of said freight train to ride to Ashtabula; that it was known as a first-class train, and that train No. 19 was known as a second-class freight train; by the rules of the company, No. 37, being what is called as a first-class freight train had right of way over No. 19; that train No. 37 was due at Andover at or about 7:30 P. M., and was scheduled to leave Andover at about 8 o'clock, and that No. 19 left Andover a few minutes after No. 37 left, the exact time he being unable to state; that at and near Dorset, the second station north from Andover, train No. 19 collided with train No. 37, smashing caboose and wrecking a number of other cars and injuring the plaintiff; that the time No. 37 left Andover was known to the train despatcher of the defendant company, and that the time that No. 19 left was also well known; that the said despatcher was grossly negligent and careless in permitting said No. 19 to follow No. 37 so closely as it did, and he was negligent in not notifying No. 37, or its employes, of the fact of No. 19 following so closely; that the train despatcher issued an order to the telegraph operator at Leon station, between Dorset and Andover, to be delivered to the conductor and engineer of train No. 19, to run close to No. 37; that the telegraph operator at Leon negligently and carelessly failed to flag No. 19 against No. 37; that No. 37, just before it arrived at Dorset, broke in two, and that No. 19, having been run so negligently and carelessly so close to No. 37, collided with the rear end of No. 37.

He alleges that he was a passenger on this train, and that it was the duty of the defendant company to carry him safely from Andover to Ashtabula; that said No. 19, by reason of the gross negligence of the conductor and engineer, was running at a high rate of speed when he, the plaintiff, discovered that a collision was about to occur, attempted to go off the train, he was caught between the rear door of the caboose and baggage car, and thrown from there to the side of the track, and that by reason of the gross carelessness and negligence of the defendant, as aforesaid, he was injured in the back of his head; his left side in the

region of his short ribs, and also at the point of the hips on the right side, he was severely contused in the left knee and face, sustained severe injury in the lumbar region of the back, and sustained a severe concussion of the spine and of the brain; that he has sustained loss of sensation in the lower extremities, and was so severely injured that they do not properly perform their functions, and that he has suffered great pain in the back, left side, heart and in his head, and also sustained a curvature of the spine in the lumbar regions; that it has permanently changed the tissues of his spinal chord, from which he will never recover; and that his injuries are permanent in their character, and, as a result, he has become paralized in the lower extremities, so that he will never be able to perform any labor as long as he lives, and will suffer pain as long as he lives,

He alleges that at the time he received his injuries he was earning and able to earn one hundred dollars a month. He says by reason of his injuries so sustained he has been damaged in the sum of $75,000, for which he asks judgment

To this petition defendant answers and says, that it admits that it is a corporation as alleged, and at the time stated it was operating a line of railway, as mentioned in the petition, in the manner therein stated; that on July 8, 1892, and for a long time prior thereto plaintiff was in its employ as a conductor; admits his train was due at Andover at about 8 o'clock, P. M., as stated; admits that the plaintiff resided with his family at Ashtabula; that on the night of July 8, 1892, the plaintiff, after arriving at Andover, by permission of the conductor of train No. 37, got into the caboose of said train No. 37, to ride to Ashtabula; that said train No. 37 was due at Andover about the time stated and scheduled to leave Andover about the time stated in the petition; that train No. 19 left Andover after train No. 37 had left the station, and that near Dorset station trains Nos. 19 and 37 came into collision and thereby a number of cars were injured; the caboose was wrecked and the plaintiff was injured; but not to the extent alleged, and it admits that at the time the plaintiff was injured he was earning about the sum of one hundred dollars a month. Defendant denies that it was guilty of any negligence or want of care which caused the collision of said trains and injury of plaintiff, or guilty of any negligence in any respect, as alleged or otherwise; and denies that the plaintiff, at the time he was injured, occupied the relation of passenger on this train; and denies each and every allegation, statement and averment in plaintiff's petition contained, not specifically admitted.

Further answering the defendant avers that at the time plaintiff was injured he occupied the relation of an employe of the defendant, and was using one of its, defendant's trains in order to travel from his place of work to his home. That at the said time he was in no sense a passenger of the defendant on this train. It says if the collision of defendant's trains was caused by any negligence, it was that of the conductor and engineer of a train which collided, who were coemployes, of the plaintiff by the defendant company, and the result of whose negligence it is not in law liable to the plaintiff.

The plaintiff replies to this answer and says, that he denies that at the time he was injured he occupied the relation of employe to the defendant, but was using one of its, defendant's, trains in order to travel from his place of work to his home, and denies that at that time he was not in any sense a passenger of defendant on its train; and denies that the conductor and engineer of said train were co-employes with him, and for the result of whose negligence the defendant is now in law lable to the plaintiff

This is a general statemtnt of the claims of the respective parties, as they appear from the pleadings and by the allegations, averments, admissions and denials therein.

The pleadings will be before you when you retire and can be examined by you, if deemed necessary, for the purpose of ascertaining more fully and distinctly the claims of the respective parties, but these pleadings are not evidence and must not be so considered by you, except that any admissions that they may contain should be regarded by you.

From this statement you will observe that the parties are at issue upon several questions which are presented for your consideration and determination. These are, whether or not the defendant was guilty of negligence in the particulars complained of in the petition or either of them, and if so, whether or not this negligence was the direct and proximate cause of the injury to the plaintiff, of which he complains, and whether the plaintiff himself was in the exercise of ordinary care at that time, and also whether the plaintiff was injured in the manner and to the extent alleged by him. There are other questions in the case aside from these, to which your attention will be called, which it will be your duty to consider. There being no evidence of negligence on the part of the train despatcher, that question need not be considered by you.

Taking up these questions, then, you will proceed to consider and determine whether the defendant was guilty through the con-

ductor of train No. 37, as alleged by the plaintiff.

If you find it was not thus negligent, you need not enquire further, but should return a verdict for the defendant. If you find that it was thus negligent, then you will proceed to enquire and determine whether or not this negligence so found by you was the direct and proximate cause of the injury to the plaintiff, of which he complains. If you find it was not such cause, you need not enquire further, but should return a verdict for the defendant. If you find it was such cause, then you will proceed to ascertain and determine whether or not the plaintiff was in the exercise of ordinary care at that time. If you find that he was not, and that this failure on his part contributed to cause his injury, he cannot recover. If you find that he was in the exercise of such care, then you will proceed to ascertain and determine the extent of the injuries which he has sustained, and also to ascertain and determine whether or not the injuries so sustained were caused by and were the result of negligence and want of care on the part of fellow-servants of the plaintiff in this action.

It is admitted that this train was due at An-fendant was a corporation, organized under the laws of the state of Ohio, and that at the time plaintiff received his injury it was operating a line of railway in this state, as claimed by the plaintiff. It is also admitted that, on July 8, 1892, and for a long time prior thereto, the plaintiff was in its employ as a conductor. It is admitted that this train was due at Andover at or about 8 o'clock, P. M., as alleged by plaintiff, and that the plaintiff resided with his family at Ashtabula. It is also admitted that, on the night of July 8, 1892, plaintiff, after arriving at Andover, by permission of the conductor of train No. 37, got into the caboose of train No. 37 to ride to Ashtabula. It is also admitted that this train No. 37 was due at Andover at or about the time mentioned, and to which your attention has been called. And that it was scheduled to leave Andover at about the time stated by the plaintiff in his petition.

It is averred that train No. 19 left Andover after train No. 37 had left that station, and it is admitted that at or near Dorset trains No. 19 and No. 37 came into collision, and that by reason of this collision plaintiff was injured. And it is also admitted that at that time he was earning about one hundred dollars a month, but, as already stated, the extent to which plaintiff was injured, as alleged by him, is denied by the defendant, so that upon many of the matters alleged in the petition there is no dispute and no issue is raised, but the par-

ties are distinctly at issue as to whether or not the plaintiff was a passenger on train No. 37 at the time he received his injury, and they are also at issue distinctly upon the proposition as to whether or not the defendant was negligent, as to whether or not, if so negligent, such negligence was the proximate cause of plaintiff's injuries, and whether or not the plaintiff was a fellow-servant and co-employe the employes of train No. 37 at the time he received his injury.

Upon this last question I say to you, as a matter of law, that if you find that plaintiff was injured by reason of the negligence and want of care on the part of the conductor of train No. 37, and you also find that the plaintiff, at the time he received his injury was upon that train, with the consent, permission and knowledge of the defendant, and with the consent, permission and knowledge of the conductor of this train No. 37, but that at that time he was in the discharge of no duty incident to his employment, and was not engaged in discharging any of his duties as a conductor upon that road, or any duty upon that train, and was merely riding from Andover to his home at Ashtabula, with this consent, knowledge and permission on the part of the defendant and of the conductor, that the negligence of the conductor in charge of train No. 37 would not be the negligence of the co-employe or fellow-servant, so as to defeat a recovery in this action, provided you find the plaintiff otherwise entitled to recover. If you have found the plaintiff to have been thus upon this train, then it became and was the duty of the defendant to exercise towards him ordinary care in the running and operating of that train, and this would be the degree of care and the degree only which was incumbent upon the defendant by reason of the relation which existed from the situation of the parties, and the relation they sustained toward each other at that time. If the defendant failed and neglected to exercise that degree of care towards the plaintiff, and for his safety, for such failure the defendant would be liable, provided the plaintiff was in the exercise of proper care on his part, and if this conductor of train No. 37 failed and neglected to exercise towards the plaintiff that degree of care, and by reason of this failure the plaintiff was injured, the defendant would be liable therefor.

By ordinary care as here used is meant such care as ordinarily prudent persons ordinarily exercise or are accustomed to exercise under the same or similar circumstances, and in conducting and carrying on the same or similar business, and this would apply to both plaintiff and defendant in this action.

If you have found that the defendant was negligent in running and operating train No. 37, and found that it did not exercise towards the plaintiff ordinary care for his safety, and that by reason of such failure, and as a direct and proximate result thereof, the plaintiff sustained his injuries, and have also found that at the time he received his injury, he was upon this train, with the knowledge, permission and consent of the defendant and said conductor, but was discharging none of the duties incident to his employment at that time, and discharging no duty required of him by the defendant on that train or otherwise, and was in the exercise of ordinary care himself, then the plaintiff would be entitled to recover, even though you may find at that time the relation of master and employe exists between the defendant and the plaintiff.

Upon these questions the burden of proof is upon the plaintiff, and this makes it incumbent upon him to produce a preponderance of the testimony in support of the propositions mentioned, and unless he has produced it he would not be entitled to recover. If he has produced it then he is entitled to your verdict.

As to the extent of the injuries, the burden of proof is also upon the plaintiff, and this also makes it incumbent upon him to produce a preponderance of the evidence as to the injuries sustained, and the extent thereof, as well as the same being the direct and proximate result of the negligence of the defendant.

In order to determine these questions you should carefulyy consider all of the testimony which is presented here in connection with the admissions to which your attention has been called, as well as the admissions which have been made in open court during the progress of the trial of this case in regard to any of the matters which are in controversy.

Having considered it all, ascertain the facts that are established by this testimony by a preponderance of the evidence produced, and applying to these facts the rules here given in charge, you will report the conclusion at which you have arrived by the verdict which you may render.

If your verdict is for the defendant, say so in general terms. If for the plaintiff, you should so state, and also incorporate in your verdict the amount which you may find he is entitled to recover an amount that would be sufficient to compensate him for the damages actually sustained by him, directly resulting from the negligence of the defendant. This would include the pain which the plaintiff has suffered, and the pain that he will continue to suffer if his injuries are of such a character as to cause him pain in the future. His diminished capacity to earn money from the time he received his injuries until the present, and his diminished capacity to earn money in the future, if you find his injuries are of such a character as to diminish his capacity to earn money in the future. And you may also include any expenses actually and necessarily incurred by him n consequence of the injuries received which have been proven in this case. He is entitled, if entitled to recover at all, to be made whole; more than that would be unjust to the defendant; less would be unjust to the plaintiff.

The defendant excepts to the refusal of the court to charge any of the written propositions submitted to the court before argument of the case, being propositions numbering from one to seven, inclusive.

The defendant also excepts to the following portion of the charge as given: "I say to you as a matter of law, that if you find that plaintiff was injured by reason of the negligence and want of care on the part of the conductor of train No. 37, and you also find that the plaintiff, at the time he received his injury, was upon that train with the consent, permission and knowledge of the defendant, and with the consent, permission and knowledge of the conductor of this train No. 37, but at that time, he was in the discharge of no duty incident to his employment and was not engaged in discharging any of his duties as a conductor upon that road, or any duty upon that train, and was merely riding from Andover to his home at Ashtabula, with this consent, knowledge and permission on the part of the defendant and of the conductor, that the negligence of the conductor, in charge of train No. 37, would be the negligence of the defendant and would not be the negligence of a co-employe or fellow-servant, so as to defeat a recovery in this action, provided you find the plaintiff otherwise entitled to recover."

The defendant also excepts to the following part of the charge: "If you have found the plaintiff to have been thus upon this train then it became and was the duty of the defendant to exercise towards him ordinary care in the running and operating of that train, and this would be the degree of care and the degree only which was incumbent upon the defendant by reason of the relation which existed from the situation of the parties and the relation they sustained towards each other at that time. If the defendant failed and neglected to exercise that degree of care towards the plaintiff, and for his safety, for such failure the defendant would be liable, provided the plaintiff was in the exercise of proper care on his own part, and if this conductor of train 37 failed and neglected to exercise towards the plaintiff that degree of

care, and by reason of this failure the plaintiff was injured, the defendant would be liable therefor."

The defendant also excepted to the following portion of the charge: "If you have found that the defendant was negligent in running and operating train No. 37, and find that it did not exercise towards the plaintiff ordinary care for his safety, and that, by reason of such failure, and as a direct and proximate result thereof, the plaintiff sustained his injuries, and have also found that at the time he received his injury he was upon this train, with the knowledge, permission and consent of the defendant and said conductor, but was discharging none of the duties incident to his employment at that time, and discharging no duty required to him by the defendant on that train or otherwise, and was in the exercise of ordinary care himself, then the plaintiff would be entitled to recover, even though you may find at that time the relation of master and employe existed between the defendant and the plaintiff."

The defendant also excepts to the following portion of the charge: "And you may also include any expenses actually and necessarily incurred by him in consequence of the injuries received, which have been proven in this case."

The defendant also excepts to the refusal of the court to charge or instruct the jury in any respect as to the relation that existed between plaintiff and other servants of the defendant company in charge of the trains which collided.

*W. S. & D. F. Anderson,* for Plaintiff.

*Thos. W. Sanderson, George C. Greene,* and *O. G. Getzen-Danner,* for Defendant.